IN THE UNITED STATE DISTRICT COURT

STATE OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| TIWANDA LOVELACE,<br><br>        Plaintiff,<br><br>vs.<br><br>AMERIPRISE FINANCIAL INC.,<br><br>        Defendant. | **REPORT & RECOMMENDATION**<br><br>Case No.  2:23-cv-00293<br><br>**District Court Judge Robert J. Shelby**<br><br>**Magistrate Judge Dustin B. Pead** |

### INTRODUCTION[1]

Plaintiff Tiwanda Lovelace[2] is a former employee of Defendant Ameriprise Financial Inc.[3] On May 4, 2023, Lovelace filed her pro se complaint asserting claims against Defendant for discrimination under Title VII of the Civil Rights Act.[4] On June 5, 2023, Ameriprise moved to dismiss for failure to establish personal jurisdiction.[5]

Upon review and for the reasons set forth herein, the court recommends that Plaintiff's complaint be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(2) for failure to show

---

[1] The case is before the undersigned pursuant to a 28 U.S.C. § 636(b)(1)(B) referral from District Court Judge Robert J. Shelby. *See,* ECF No. 5, Notice of Non-Consent and Order of Reference.

[2] Referred to herein as "Lovelace" or "Plaintiff."

[3] Referred to herein as "Ameriprise" or "Defendant."

[4] ECF No. 1, Complaint.

[5] ECF No. 15, Defendant's Motion to Dismiss.

that Defendant had substantial and continuous contacts or connections with the state of Utah sufficient to establish general or specific personal jurisdiction.[6]

## LEGAL STANDARD

Plaintiff has the burden of proving jurisdiction exists.[7] When jurisdiction "is contested at the pleading stage, courts may determine whether it exists based on the pleadings and affidavits."[8] At this juncture, "[P]laintiff need only make a prima facie showing"[9] and may do so "by demonstrating via affidavit or other written materials, facts that if true would support jurisdiction over the defendant."[10] The court accepts as true all well-pleaded factual allegations set forth in the complaint "so long as they are not contradicted by an affidavit."[11]

Because Plaintiff proceeds *pro se*, the court construes Lovelace's filings liberally and holds her "to a less stringent standard than formal pleadings drafted by lawyers."[12] Nonetheless, Plaintiff must still "follow the same rules of procedure that govern other litigants,"[13] and the

---

[6] Fed. R. Civ. P. 12(b)(2).

[7] *Rambo v. American Southern Ins. Co.,* 839 F.2d 1415, 1417 (10th Cir. 1988).

[8] *Celtig, LLC v. Patey,* 347 F. Supp. 3d 976, 982 (D. Utah 2018) (*citing Shrader v. Biddinger,* 633 F.3d 1235, 1239 (10th Cir. 2011)).

[9] *Rusakiewicz v. Lowe,* 556 F.3d 1095, 1100 (10th Cir. 2009) (*quoting Elec. Realty Assocs., L.P. v. Vaughan Real Estates,* 897 F. Supp. 521, 522 (D. Kan. 1995)).

[10] *Melea, Ltd. v. Jawer SA,* 511 F.3d 1060, 1065 (10th Cir. 2007) (citation omitted).

[11] *Celtig, LLC,* 347 F. Supp. 3d at 982; *see also Wilson v. Montano,* 715 F.3d 847, 852 (10th Cir. 2013); *Dudnikov v. Chalk & Vermilion Fine Arts, Inc.,* 514 F.3d 1063, 1070 (10th Cir. 2008); *Wenz v. Memery Crystal,* 55 F.3d 1503, 1505 (10th Cir. 1995) (citation omitted) ("The allegations in the complaint must be taken as true to the extent they are uncontroverted by the defendant's affidavits.").

[12] *Hall v. Bellmon*, 935 F.2d 1106,1110 (10th Cir. 1991).

[13] *Garrett v. Selby, Connor, Maddux & Hamer,* 425 F.3d 836, 840 (10th Cir. 2005) (quotation omitted).

court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf."[14]

## DISCUSSION

To establish personal jurisdiction over Defendant, Lovelace must show "first, that jurisdiction is authorized under Utah law and, second, that the exercise of jurisdiction does not offend the due process clause of the Fourteenth Amendment."[15] Utah's long-arm statute permits the exercise of jurisdiction "to the fullest extent permitted by the due process clause of the Fourteenth Amendment to the United States Constitution."[16] And, while a nonresident defendant is not required to be within the territorial jurisdiction of the court, a "nonresident generally must have 'certain minimum contacts. . . such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice.'"[17] Personal jurisdiction may be acquired through either general or specific jurisdiction.[18]

---

[14] *Smith v. United States,* 561 F.3d 1090, 1096 (10th Cir. 2009) (*quoting Whitney v. New Mexico,* 113 F.3d 1170, 1173-74 (10th Cir. 1997)).

[15] *Dudnikov,* 514 F.3d at 1063.

[16] Utah Code Ann. § 78B-3-201.

[17] *Walden v. Fiore,* 571 U.S. 277, 283, 134 S. Ct. 1115, 188 L. Ed. 2d 12 (2014) (*quoting Int'l Shoe Co. v. Washington,* 326 U.S. 310, 316, 66 S. Ct 154, 90 L. Ed. 95 (1945)); *see also Xmission, L.C., v. Fluent LLC,* 955 F.3d 833, 839 (10th Cir. 2020) ("For a court to exercise jurisdiction in harmony with due process, [D]efendant[] must have minimum contacts with the forum state, such that having to defend a lawsuit there would not offend traditional notions of fair play and substantial justice.").

[18] *See Bristol-Myers Squibb Co. v. Superior Court of Cal., San Francisco Cty.,* 582 U.S. 255, 262, 137 S. Ct. 1773, 198 L. Ed. 2d 395 (2017).

1. **The Court Lacks General Personal Jurisdiction Over Defendant**

A corporation is subject to general jurisdiction where the corporation's "affiliations with the State are so continuous and systematic as to render [it] essentially at home in the forum State."[19] A court with general jurisdiction may consider any claim against the defendant, but "only a limited set of affiliations with a forum will render a defendant amendable to general jurisdiction."[20] Typically, a corporation's place of incorporation and principal place of business are "paradigm bases for general jurisdiction."[21]

In support of dismissal Defendant offers the Declarations of Penny Ricci, Carol Meiners and Brianna Al Taqatqa.[22] Lovelace does not submit opposing affidavits. Defendant's Declarations aver that Ameriprise is a Delaware corporation with its principal place of business in Minnesota and its corporate headquarters located in Minneapolis.[23] In her memorandum opposing dismissal, Lovelace asserts that Ameriprise agents are located in "numerous offices in the state of Utah"[24] and Plaintiff provides screen shots of Google map search results for the query "Ameriprise Financial" in the Salt Lake City, Utah area.[25]

---

[19] *Damler AG v. Bauman,* 571 U.S. 117, 128, 134 S. Ct. 746, 187 L. Ed. 2d 624 (2014) (citation omitted).
[20] *Bristol-Myers,* 582 U.S. at 262.
[21] *Damler AG,* 571 U.S. at 137. An exception exists where an out of state corporation may be subject to general jurisdiction, outside of its place of incorporation or principal place of business, when the corporation's operations are "so substantial and of such a nature as to render the corporation at home in that State." *Id.*, 571 U.S. at 139 n. 19.
[22] ECF No. 16, Declaration of Penny Ricci; ECF No. 22, Declaration of Carol Meiners; ECF No. 23, Declaration of Briana Al Taqatqa.
[23] ECF No. 16 at ¶¶ 3, 4.
[24] ECF No. 20 at 2.
[25] ECF No. 20-1, Exhibit 1.

Given Defendant's Minnesota headquarters, the paradigmatic indicators of being "at home" in the forum state of Utah are not present. Further, to the extent Lovelace's screenshots attempt to establish an "exceptional case" where an out of state Defendant corporation is "rendered at home in a state other that its place of incorporation or principal place of business," Plaintiff fails to do so.[26] While the screenshots could be interpreted to suggest a limited physical presence in the state, Plaintiff does not show that Defendant's own contacts are "so continuous and systematic as to render [Defendant] essentially at home in [the state of Utah]."[27]

Upon closer review, the individuals identified through Plaintiff's Google search results are either employees of Ameriprise Financial, Services LLC[28] or employees of independent franchises affiliated with American Financial, Services LLC.[29] Plaintiff, however, was employed by Ameriprise Financial Inc. and does not allege any misconduct by Ameriprise Financial Services, LLC or any other subsidiary in her pleading.[30] Yet, even considering the twenty-seven (27) individuals in Utah who are employed by Ameriprise Financial Services, LLC or other

---

[26] *Martin v. SGT,* 2020 U.S. Dist. LEXIS 71047 at *10 (D. Utah Apr. 21, 2020) (citation omitted).

[27] *Monge v. RG Petro-Mach. Group Co. LTD,* 701 F.3d 598, 614 (10th Cir. 2012) (*citing Goodyear Dunlop Tires Operations, S.A. v. Brown,* 564 U.S. 915, 919, 131 S. Ct. 2846, 180 L. Ed. 2d 796 (2011) (internal quotations omitted)).

[28] ECF No. 22 at ¶ 3 ("There are 36 people employed by Ameriprise Financial Services, LLC in the state of Utah."); ECF No. 23 at ¶ 5 ("Ameriprise Financial Services, LLC is a subsidiary of AMPF Holding Corporation, a subsidiary of Ameriprise Financial, Inc.).

[29] ECF No. 23 at ¶ 6 ("RiverSource Live Insurance Company is a subsidiary of Ameriprise Financial, Inc."); *Id.* at ¶ 7 ("Columbia Management Investment Advisers, LLC is a subsidiary of Ameriprise Financial, Inc.").

[30] *See Daimler AG,* 571 U.S. at 136.

subsidiaries,[31] along with the nine (9) employees who work remotely for Ameriprise Financial, Inc. from within the state of Utah,[32] such limited connections, without more, cannot establish Defendant's submission to the state of Utah's powers.[33] Plaintiff does not provide any information about the amount or scope of Defendant's operations within the forum state and fails to make a prima facie showing of operations that are so substantial, and of such a significant and extensive nature, that it would be appropriate to render Ameriprise at "home" in the state of Utah.[34]

### 2.  The Court Lacks Specific Jurisdiction Over Defendant

A court may exercise specific jurisdiction over an out of state defendant "only if the cause of action relates to the party's contacts with the forum state."[35] Thus, "for a court to exercise specific jurisdiction, the *suit* must aris[e] out of or relat[e] to the defendant's contacts

---

[31] ECF No. 22 at ¶ 3 ("There are 36 people employed by Ameriprise Financial Services, LLC in the state of Utah."); *Id.* at ¶ 4 ("There is one person employed by RiverSource Life Insurance Company in the state of Utah."); *Id.* at ¶ 5 ("There is one person employed by Columbia Management Investment Advisers, LLC in the state of Utah.").

[32] *Id.* at ¶ 6 ("There are nine people employed by Ameriprise Financial, Inc. who work in Utah. These nine employees support Ameriprise's corporate office in Minneapolis, Minnesota, but work remotely from Utah.").

[33] *Martin,* at *11 (finding 8 percent of Defendant's total sales coming from the state of Utah to be "insufficient to establish personal jurisdiction" over Defendant in Utah.)

[34] *Daimler AG,* 571 U.S. at 140 n. 20 ("A corporation that operates in many places can scarcely be deemed at home in all of them."); *see also Martin v. SGT, Inc.,* 2020 U.S. Dist. LEXIS 71047, at *11 (D. Utah Apr. 21, 2020) (once plaintiff demonstrates the defendant purposefully directed "its activities at the forum state, the plaintiff must then show that their injuries arise out of the defendant's forum-related activities") (citing *Old Republic Ins. v. Cont'l Motors Inc.,* 877 F.3d 895, 904 (10th Cir. 2017)) .

[35] *Larada Sciences, Inc. v. Pediatric Hair Solutions Corp.,* 2020 U.S. Dist. LEXIS 161574 at *6 (D. Utah

6

with the *forum*."[36] The focus is on the defendant's contacts with the forum state and "not the defendant's contacts with persons who reside there."[37] "In other words, there must be an affiliation between the forum and the underlying controversy, principally, [an] activity or an occurrence that takes place in the forum State and is therefore subject to the State's regulation."[38] Such is not the case here as Plaintiff does not allege any connection between her claims, Ameriprise and the state of Utah.

Lovelace's pleading alleges intentional actions by Ameriprise, but does not allege any specific actions by the Defendant that were aimed at Plaintiff in Utah. Indeed, under the facts of the case, Ameriprise could not have directed its actions toward Plaintiff in the state of Utah, or intended any harm occur in Utah while she was employed because Lovelace's employment relationship with Defendant ended when she resided in the state of Nevada.[39] Further, while Plaintiff claims she suffered harm from discriminatory incidents that occurred "electronically and online" outside the state of Nevada,[40] her statement is insufficient to establish personal jurisdiction. Simply suffering harm does not confer personal jurisdiction over Ameriprise in the state of Utah because Plaintiff has not identified any "affiliation between the forum and the underlying controversy."[41]

---

Sept. 3, 2020) (*citing Old Republic,* 877 F.3d at 904).

[36] *Id.* at *6 (*quoting Bristol-Myers,* 137 S. Ct. at 1780) (internal quotation omitted) (emphasis in original).

[37] *Martin,* at *9 (D. Utah April 21, 2020) (*citing Walden,* 571 U.S. at 284).

[38] *Bristol-Myers,* 582 U.S. at 262 (internal quotation marks and citation omitted).

[39] ECF No. 16 at ¶ 6.

[40] ECF No. 20 at 3.

[41] *Bristol-Myers,* 137 S. Ct at 1780 (*quoting Goodyear,* 564 U.S. at 919); *see also, Shrader v. Biddinger,* 633 F.3d 1235, 1245 (10th Cir. 2011) ("plaintiff's residence in the forum state, and hence suffering harm

In conclusion, Plaintiff fails to show that Defendant has substantial and continuous contacts with the state of Utah or that there is a connection between Plaintiff's claims, the Defendant and the state of Utah that is sufficient to satisfy her burden of establishing personal jurisdiction.

## **RECOMMENDATION**

Accordingly, the undersigned RECOMMENDS that the District Court GRANT Defendants' Motion to Dismiss without prejudice pursuant to Federal Rule of Civil Procedure 12(b)(2).[42]

The Clerk's Office is directed to send copies of this Report and Recommendation to all parties who are hereby notified of their right to object. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The parties must file any objection to this Report and Recommendation within fourteen (14) days of service. Failure to object may constitution waiver of the objections upon subsequent review.

DATED this 22nd day of August 2023.

BY THE COURT

_____
DUSTIN B. PEAD
Magistrate Judge
United States District Court

---

there, does not establish personal jurisdiction over a defendant who has not purposefully directed his activities at the state.").

[42] ECF No. 15; *Hollander v. Sandoz Pharms. Corp.*, 289 F. 3d 1193, 1216 (10th Cir. 2002) (Dismissal of a party for lack of jurisdiction under Rule 12(b)(2) of the Federal Rules of Civil Procedure is without prejudice).