IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| TIWANDA LOVELACE, <br><br> Plaintiff, <br><br> v. <br><br> AMERIPRISE FINANCIAL, INC., <br><br> Defendant. | **MEMORADUM DECISION AND ORDER ADOPTING REPORT AND RECOMMENDATION** <br><br> Case No. 2:23-cv-00293-RJS-DBP <br><br> Chief Judge Robert J. Shelby <br><br> Chief Magistrate Judge Dustin B. Pead |

Now before the court is Plaintiff Tiwanda Lovelace's Objection[1] to Magistrate Judge Dustin B. Pead's Report and Recommendation (the Report).[2] In the Report, Judge Pead recommends this court grant Defendant Ameriprise Financial, Inc.'s Motion to Dismiss.[3] For the reasons stated below, the court adopts the Report in its entirety and grants the Motion.

**PROCEDURAL HISTORY**

In May 2023, Lovelace initiated this action in federal court.[4] She alleges her former employer, Ameriprise, discriminated against and terminated her because of her race, color, sex, age, and disability.[5] She seeks $150,000 in damages and an order requiring Ameriprise to retract its statement that she voluntarily quit.[6]

Ameriprise moved to dismiss under Rule 12(b)(2) of the Federal Rules of Civil

---

[1] ECF 25, *Plaintiff's Objection to Order of Dismissal* (*Objection*).

[2] ECF 24, *Report & Recommendation*. This case was referred to Judge Pead under 28 U.S.C. § 636(b)(1)(B). ECF 6, *Notice of Non-Consent*.

[3] ECF 15, *Motion to Dismiss*.

[4] ECF 1, *Complaint*.

[5] *Id.* at 3.

[6] *Id.* at 22.

1

Procedure.[7] It argues the court lacks both general and specific personal jurisdiction.[8]

After the Motion to Dismiss was fully briefed,[9] Judge Pead recommended this court grant it.[10] First, he concluded the court lacks general jurisdiction over Ameriprise.[11] He explained that Ameriprise is a Delaware corporation with its principal place of business and corporate headquarters in Minnesota.[12] And although Lovelace identified employees in Utah of an Ameriprise subsidiary, Lovelace was not an employee of the subsidiary, and she does not allege any misconduct by the subsidiary.[13] Judge Pead also concluded that even if he considered all employees in Utah of Ameriprise and its subsidiaries—forty-seven employees total—Lovelace has not made a prima facie showing that Ameriprise is essentially "at home" in Utah.[14]

Judge Pead evaluated specific jurisdiction next.[15] He concluded this case did not arise out of Ameriprise's contacts with Utah because Lovelace worked for Ameriprise in Nevada and was living in Nevada when Ameriprise terminated her employment.[16] He also considered Lovelace's argument that after her termination, she moved to Utah where Ameriprise continued to harm her "electronically and online."[17] He concluded that even if Ameriprise harmed

---

[7] *Motion to Dismiss* at 1; *see also* Fed. R. Civ. P. 12(b)(2) (stating a party may move to dismiss for "lack of personal jurisdiction"). Ameriprise alternatively moved for a more definite statement under Rule 12(e). *Motion to Dismiss* at 1, 8–10. Because the court grants the Motion to Dismiss, it does not address this alternative request.

[8] *Motion to Dismiss* at 3–8.

[9] ECF 20, *Plaintiff's Motion in Opposition to Defendant's Motion to Dismiss* (*Opposition*); ECF 21, *Defendant's Reply in Support of Motion to Dismiss* (*Reply*).

[10] *Report & Recommendation* at 8.

[11] *Id.* at 4–6.

[12] *Id.* at 4 (citing ECF 16, *Penny Ricci Declaration* ¶¶ 3–4).

[13] *Id.* at 5 (citing ECF 23, *Briana Al Taqatqa Declaration* ¶ 5).

[14] *Id.* at 5–6 (citing ECF 22, *Carol Meiners Declaration* ¶¶ 3–6).

[15] *Id.* at 6–8.

[16] *Id.* at 7 (citing *Penny Ricci Declaration* ¶ 6).

[17] *Id.* (citing *Opposition* at 3).

2

Lovelace while she was in Utah, that was insufficient to show the case arose out of Ameriprise's contacts with Utah.[18]

For these reasons, Judge Pead recommended granting the Motion to Dismiss.[19] He warned the parties that objections needed to be filed within fourteen days and that a failure to object could result in waiver.[20] Lovelace timely filed her Objection.[21]

## LEGAL STANDARDS

Because Lovelace is proceeding pro se, the court construes her filings liberally.[22] Nevertheless, she is not excused from complying with the "fundamental requirements" of the Federal Rules of Civil Procedure.[23]

The standard of review for a magistrate judge's report and recommendation depends on the sufficiency of the objection. When an objection is timely and specific, the district court reviews the magistrate judge's report and recommendation de novo.[24] An objection is timely if filed within fourteen days of when the recommended disposition was served.[25] An objection is sufficiently specific if it focuses the "court's attention on the factual and legal issues that are truly in dispute."[26]

Under the Tenth Circuit's "firm waiver rule," if an objection is not timely and specific,

---

[18] *Id.*

[19] *Id.* at 8.

[20] *Id.*

[21] *Compare id.* (issued Aug. 22, 2023), *with Objection* (filed Sept. 1, 2023).

[22] *Ogden v. San Juan Cnty.*, 32 F.3d 452, 455 (10th Cir. 1994).

[23] *Id.*

[24] *See* Fed. R. Civ. P. 72(b)(3) ("The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to."); *United States v. 2121 E. 30th St.*, 73 F.3d 1057, 1060 (10th Cir. 1996) ("[O]bjections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court.").

[25] Fed. R. Civ. P. 72(b)(2).

[26] *2121 E. 30th St.*, 73 F.3d at 1060.

then the objector has waived "review of both factual and legal questions."[27] A court may decline to apply the firm waiver rule "when the interests of justice so dictate"—for example, if "the magistrate's order does not apprise the pro se litigant of the consequences of a failure to object to findings and recommendations."[28] "[T]his court generally reviews unobjected-to portions of a report and recommendation for clear error."[29]

The personal jurisdiction framework is also pertinent because the Report evaluated a Rule 12(b)(2) Motion to Dismiss. As the plaintiff, Lovelace bears the burden of establishing personal jurisdiction.[30] The exercise of jurisdiction must be authorized by the laws of the forum state.[31] Utah law permits courts to assert jurisdiction "to the fullest extent permitted by the due process clause of the Fourteenth Amendment to the United States Constitution."[32] Accordingly, Lovelace must show "the exercise of jurisdiction does not offend the due process clause of the Fourteenth Amendment."[33] A prima facie showing is sufficient at the pleading stage.[34] The court accepts all well-pleaded facts as true, so long as they are not contradicted by affidavit.[35]

---

[27] *Id.* at 1059 (quoting *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991)).

[28] *Moore*, 950 F.2d at 659.

[29] *Zloza v. Indus. Co.*, No. 4:23-cv-17-RJS-PK, 2023 WL 2760784, at *1 (D. Utah Apr. 3, 2023) (citing *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999) and Fed. R. Civ. P. 72(b) advisory committee's note to 1983 amendment).

[30] *Dudnikov v. Chalk & Vermilion Fine Arts, Inc.*, 514 F.3d 1063, 1069 (10th Cir. 2008).

[31] *Rusakiewicz v. Lowe*, 556 F.3d 1095, 1100 (10th Cir. 2009).

[32] Utah Code § 78B-3-201(3).

[33] *Rusakiewicz*, 556 F.3d at 1100. Additionally, the exercise of jurisdiction must "not offend 'traditional notions of fair play and substantial justice.'" *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (quoting *Milliken v. Meyer*, 311 U.S. 457, 463 (1940)); *see also Dudnikov*, 514 F.3d at 1080. Because the court concludes Lovelace has not made a prima facie showing of personal jurisdiction, it is unnecessary to make this additional inquiry.

[34] *Dudnikov*, 514 F.3d at 1070.

[35] *Shrader v. Biddinger*, 633 F.3d 1235, 1248 (10th Cir. 2011).

## ANALYSIS

The court first reviews Lovelace's arguments concerning general jurisdiction. It concludes de novo review is appropriate, but Lovelace's arguments are insufficient to establish general jurisdiction. Next, the court considers Lovelace's objections concerning specific jurisdiction, and it concludes Lovelace did not sufficiently object and Judge Pead did not clearly err. The court thus adopts the Report and grants the Motion to Dismiss.

### I. The court lacks general jurisdiction over Ameriprise.

In her Objection, Lovelace argues Judge Pead failed to consider that Ameriprise provides services nationwide.[36] She also argues Ameriprise solicits business in Utah "through its websites" and recruits employees in Utah.[37] Construed liberally, these arguments are specific objections and thus trigger de novo review.[38] However, they do not establish a prima facie showing of general jurisdiction.

For a corporation, the "paradigm bases for general jurisdiction" are the place of incorporation and principal place of business.[39] However, a court may assert general jurisdiction

---

[36] *Objection* at 2.

[37] *Objection* at 5. Lovelace further argues Judge Pead "did not consider that Ameriprise Financial are also federal contractors [sic], held accountable to federal laws." *Id.* at 9. But this argument appears to concern subject matter jurisdiction, not personal jurisdiction.

[38] Notably, Lovelace made these arguments for the first time in her Objection and cited new Exhibits. *Id.* at 2 (citing ECF 25-1, *Objection: Exhibit 1* (*Job Posting*)); *id.* at 5 (citing ECF 25-1, *Objection: Exhibit 4* (*Indeed Posting*)); *see also Opposition* (not raising these arguments or including these Exhibits). District courts have discretion to refuse evidence that was not before the magistrate judge. *Henderson v. Echostar Commc'ns Corp.*, 172 F. App'x 892, 895 (10th Cir. 2006) (unpublished) (affirming district court's decision not to consider new evidence submitted with an objection); *see also* Fed. R. Civ. P. 72(b)(3) ("The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions."); 28 U.S.C. § 636(b)(1) ("The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions."). The court will consider Lovelace's new evidence because she is proceeding pro se and because the court reaches the same conclusion regardless.

[39] *Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014) (quotation simplified).

over a foreign corporation when its "affiliations with the State are so 'continuous and systematic' as to render [it] essentially at home in the forum State."[40]

Ameriprise is not incorporated in Utah, nor is its principal place of business in Utah.[41] Moreover, Lovelace has not shown that Ameriprise's contacts with Utah are so "continuous and systematic" that it is "essentially at home" here.[42] Ameriprise's alleged contacts with Utah are that it employs forty-seven people here,[43] recruits here,[44] solicits business in Utah "through its websites,"[45] and provides services nationwide.[46] Even assuming Ameriprise recruits in Utah and employs forty-seven Utahns, these contacts are not so "continuous and systematic" that Ameriprise is "essentially at home in" Utah.[47] And although Lovelace states Ameriprise solicits business in Utah "through its websites," she does not provide the websites she is referencing.[48] Without more information, this statement is insufficient to demonstrate Ameriprise is "essentially at home" in Utah.[49] Similarly, the fact that Ameriprise provides services nationwide

---

[40] *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011).

[41] *Penny Ricci Declaration* ¶¶ 3–4.

[42] *See Goodyear*, 564 U.S. at 919.

[43] *Opposition* at 2; *Objection* at 3; *Carol Meiners Declaration* ¶¶ 3–6. The court includes employees of Ameriprise subsidiaries in the employee count, even though Lovelace has not sued the subsidiaries.

[44] *Objection* at 5. To show Ameriprise recruits in Utah, Lovelace provides a screenshot of an Indeed posting. *See id.* (citing *Indeed Posting*). It is unclear whether this posting is for Ameriprise or one of its subsidiaries. *See Indeed Posting* (advertising "Ameriprise Financial careers"). Nevertheless, the court considers the posting.

[45] *Objection* at 5.

[46] *Id.* at 2.

[47] *See Goodyear*, 564 U.S. at 919; *see also BNSF Ry. Co. v. Tyrrell*, 581 U.S. 402, 414 (2017) (holding Montana lacked general jurisdiction over corporation that had "over 2,000 miles of railroad track and more than 2,000 employees in Montana"); *Daimler*, 571 U.S. at 123, 136–37 (holding California lacked personal jurisdiction over corporation that had "multiple California-based facilities, including a regional office" and was the "largest supplier of luxury vehicles to the California market").

[48] *Objection* at 5.

[49] *See Shrader*, 633 F.3d at 1241 ("The maintenance of a web site does not in and of itself subject the owner or operator to personal jurisdiction, even for actions relating to the site, simply because it can be accessed by residents of the forum state.").

adds little to the equation—"doing business" is not synonymous with "at home," and a "corporation that operates in many places can scarcely be deemed at home in all of them."[50] For these reasons, Lovelace has not a made a prima facie showing of general jurisdiction.

## II. Judge Pead did not clearly err when assessing specific jurisdiction.

Concerning specific jurisdiction, Lovelace argues Ameriprise "allowed deprivations and harm" after she moved to Utah.[51] Judge Pead considered this argument.[52] He concluded it was insufficient because suffering harm does not confer jurisdiction—Lovelace needed to show an "affiliation between the forum and the underlying controversy."[53]

Lovelace does not acknowledge Judge Pead's analysis or explain why it is incorrect.[54] Nor does she cite relevant legal authority.[55] Accordingly, her argument does not identify the issues "truly in dispute"[56] and thus does not trigger de novo review.[57]

After reviewing the filings and relevant legal authority, the court concludes Judge Pead did not clearly err when assessing specific jurisdiction. The court therefore adopts the Report.[58]

---

[50] *See Daimler*, 571 U.S. at 139 n.20.

[51] *Objection* at 7; *see also id.* at 8–9.

[52] *Report & Recommendation* at 7.

[53] *Id.* (quoting *Goodyear*, 564 U.S. at 919); *see also Shrader*, 633 F.3d at 1245 ("[P]laintiff's residence in the forum state, and hence suffering harm there, does not alone establish personal jurisdiction over a defendant who has not purposefully directed his activities at the state.").

[54] *Objection* at 7–9.

[55] *Id.*

[56] *2121 E. 30th St.*, 73 F.3d at 1060.

[57] *See Wofford v. Colvin*, 570 F. App'x 744, 745–46 (10th Cir. 2014) (unpublished) (holding de novo review was inappropriate where the plaintiff "failed to identify the particular errors the magistrate judge committed" and failed "to cite any authority explaining how the magistrate judge's recommendations conflicted with governing law").

[58] Although the court may decline to apply the firm waiver rule "when the interests of justice so dictate," *Moore*, 950 F.2d at 659, Lovelace has not argued the exception applies, and the court sees no reason to invoke it.

## CONCLUSION

For the reasons provided, the Objection[59] is OVERRULED. The court ADOPTS Judge Pead's Report and Recommendation[60] in its entirety and GRANTS Ameriprise's Motion to Dismiss.[61] The claims against Ameriprise are dismissed without prejudice to re-file in another forum. The Clerk of Court is directed to close the case.

SO ORDERED this 19th day of October 2023.

BY THE COURT:

ROBERT J. SHELBY
United States Chief District Judge

---

[59] ECF 25.

[60] ECF 24.

[61] ECF 15.